Christopher G. Beckom, Esq., SBN 306557
Law Offices of Christopher Glenn Beckom
1307 W. 6th Street, Suite 223
Corona, California 92882
cbeckom@beckomlaw.com
Attorney for Plaintiffs,
LATRICE MASON

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LATRICE MASON, individually, and on behalf of all other similarly situated consumers,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC<br><br>　　　　　Defendant. | Case No.:  '18CV1050 BEN NLS<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, LATRICE MASON (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against MIDLAND CREDIT MANAGEMENT (hereinafter "Midland"), as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (hereinafter "FDCPA" or "the Act"), and the

Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.* (hereinafter "the Rosenthal Act" or "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### **JURSIDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

2. Venue is proper in this district under 28 U.S.C §1391(b).

### **PARTIES**

3. Plaintiff is a natural person, who at all relevant times has resided in Claymont, Delaware, and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

4. Defendant is a corporation doing business in the State of California, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

### **FACTUAL STATEMENT**

5. On a date better known by Defendant, Plaintiff incurred a debt through personal, family, and household purposes.

6. On a date better known by Defendant, Defendant began attempting to collect on said debt allegedly owed by the Plaintiff.

7. On or about May 31, 2017, Defendant sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $115.16, for a personal debt originating with Verizon Pennsylvania, Inc.

8. The Collection Letter offered three available payment options. Option one (1) was for a payment due by June 30, 2017 for 40% off. Option two (2) was for 20% off with payments over 3 months. Option three (3) was for "monthly payments as low as $50 per month." *See* Exhibit A. Therefore, Options 2 and 3 clearly offered payments over time.

9. In the last line of the Collection Letter, in much smaller print, Defendant states, "The law limits how long a debt can appear on your credit report. Due to the age of this debt, we will not report payment or non-payment of it to a credit bureau."

10. The Collection Letter is misleading, confusing, deceptive, and unfair as it misrepresents the nature, character, and/or legal status of the alleged debt. The Letter did not indicate or inform Plaintiff that the statute of limitations had run on her debt and the resultant legal status of the debt.

11. Nor did the letter inform Plaintiff that a partial payment on the debt would restart the running of the statute of limitations. In fact, had Plaintiff chosen a payment plan option, and advised Defendant of this in writing, the partial payment would revive the statute of limitations rendering the Plaintiff worse off than if she had rejected the offer.

12. It is the position of the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's [Defendant's] ability to sue

to collect the balance." *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010, 1015 (7th Cir. 2014); *see White v. First Step Grp. LLC*, 2017 LEXIS 153569 (E.D. Cal. Sept. 19, 2017).

13. The Defendant engaged in misleading, deceptive, and unfair debt collection practices in violation of the FDCPA by its Collection Letter to the Plaintiff.

## CLASS ACTION ALLEGATIONS

### The Class

14. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

15. Plaintiff seeks certification of the following classes, initially defined as follows:

**FDCPA Class: All consumers with a Delaware address that have received collection letters similar to Exhibit A from Defendant concerning debts for Verizon Pennsylvania, Inc. used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

**RFDCPA Class: All consumers with a Delaware address that have received collection letters substantially similar to Exhibit A from Defendant concerning debts for Verizon Pennsylvania, Inc. used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

16. Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

17. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers in Delaware, each of which violates the FDCPA and the RFDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

18. The letters sent by Defendant, and received by the Classes, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

19.     The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

20.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA and the RFDCPA; (ii) whether the Plaintiff and the Classes have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

### Typicality

21.     The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

### Protecting the Interests of the Class Members

22.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

24. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

25. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

29. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

30.     Absent a class action, the members of the Classes will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

31.     Defendant has acted, and will act, on grounds generally applicable to both Classes, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

32.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

33.     Defendant's Collection Letter is false, deceptive, and misleading, and violates the below provisions of the FDCPA.

34.     Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt;**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §§ 1788.17**

42. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

43. Defendant's Collection Letter was false, deceptive and misleading in connection with the collection of a debt,

44. The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector (Defendant) attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

45. Defendant's Collection Letter violates the FDCPA, 15 U.S.C. §1692e and §1692e(2), and §1692e(10), and thereby also constitutes a violation of the Rosenthal Act, California Civil Code §§ 1788.17, 1788.32, as well as any other applicable provisions.

46. Defendant's actions were knowing and willful.

47. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Latrice Mason, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the classes described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

    C. Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

    D. Award costs and reasonable attorneys' fees;

    E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

35. Plaintiff demands a jury trial on all issues so triable.

Dated this 24th day of May, 2018.

/s/ Christopher G. Beckom_____

Christopher G. Beckom, Esq., SBN 306557
Law Offices of Christopher Glenn Beckom
1307 W. 6th Street, Suite 223
Corona, California 92882
cbeckom@beckomlaw.com
Attorney for Plaintiff